No. 23-30565

# In the United States Court of Appeals for the Fifth Circuit

IN THE MATTER OF ROMAN CATHOLIC CHURCH
OF THE ARCHDIOCESE OF NEW ORLEANS,

*Debtor,*

MINOR CHILDREN,

*Plaintiff - Appellee,*

v.

ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW
ORLEANS,

*Defendant - Appellant.*

On Appeal from the U.S. District Court for the Eastern District of Louisiana
Civil Action No. 22-04552, Section "M"

## PRINCIPAL BRIEF OF APPELLANT, THE ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS

Laura F. Ashley (#32820)
Mark A. Mintz (#31878)
Caroline V. McCaffrey (#39276)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone:  504-582-8118
Facsimile:   504-589-8118
Email:  lashley@joneswalker.com
          mmintz@joneswalker.com
          cmccaffrey@joneswalker.com

**Counsel for Appellant,
The Roman Catholic Church
of the Archdiocese of New Orleans**

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

*Appellant, The Roman Catholic Church of the Archdiocese of New Orleans*

*Counsel for Appellant*

> R. Patrick Vance
> Elizabeth J. Futrell
> Edward D. Wegmann
> Mark A. Mintz (Counsel of record on appeal)
> Laura F. Ashley (Counsel of record on appeal)
> Allison B. Kingsmill
> Samantha A. Oppenheim
> Caroline V. McCaffrey (Counsel of record on appeal)
> Jones Walker LLP
> 201 St. Charles Avenue, Suite 5100
> New Orleans, LA 70170
> Telephone:  504-582-8118
> Facsimile:   504-589-8118

*Appellee, Minor Children*

*Counsel for Appellee*

> Chris Edmunds
> Chris Edmunds Law Office
> 4937 Hearst St., Suite 2F
> Metairie, LA 70001
> Telephone: (504) 314-0034
> chrisedmundslaw@gmail.com

#101720285v1

The undersigned counsel of record further certifies, pursuant to Fed. R. App. P. 26.1, that The Roman Catholic Church of the Archdiocese of New Orleans is a non-profit religious corporation incorporated under the laws of the State of Louisiana.  It has no parent corporation, and it issues no stock.  As such, no publicly held corporation owns 10% or more of its stock.

Dated: October 11, 2023  */s/ Laura F. Ashley*

          Laura F. Ashley

          **Counsel for Appellant,**
          **The Roman Catholic Church**
          **of the Archdiocese of New Orleans**

#101720285v1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant, The Roman Catholic Church of the Archdiocese of New Orleans (the "Archdiocese," "Debtor," or "Appellant"), respectfully submits that this case relates to complex issues of bankruptcy law involving, among other things, subject matter jurisdiction and the interpretation of 11 U.S.C. § 362. Oral argument is needed to clarify and reconcile the parties' conflicting views of these issues. The opportunity for oral argument will not only benefit the parties involved, but also assist the Court in rendering a well-informed and equitable decision.

#101720285v1

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ...................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ..............................................iv

TABLE OF CONTENTS.................................................................................. v

TABLE OF AUTHORITIES ........................................................................ viii

JURISDICTIONAL STATEMENT ...................................................................2

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................3

STATEMENT OF THE CASE..........................................................................4

    I.    The Archdiocese's Bankruptcy Case Is Ongoing and the Automatic Stay Is in Effect ..................................................................................4

    II.   Minor Children Improperly Filed the State Court Action Post-Petition .........5

    III.  The Archdiocese's Removal and Subsequent Remand of the State Court Action ..............................................................................5

    IV.  The Bankruptcy Court Properly Denied Minor Children's Lift Stay Motion.................................................................................................7

        A.     Minor Children's Filing of the Lift Stay Motion in the Bankruptcy Case.................................................................................7

        B.     The Objections to the Lift Stay Motion ................................8

        C.     The Supplemental Objection to the Lift Stay Motion..........................9

        D.     The Bankruptcy Court's Order Denying Stay Relief.........................10

    V.   The District Court's Judgment Improperly Reversed the Bankruptcy Court's Order ..............................................................................11

    VI.  Preliminary Injunction in the State Court Action.........................................13

SUMMARY OF THE ARGUMENT ...............................................................15

STANDARD OF REVIEW ............................................................................17

ARGUMENT AND AUTHORITIES ................................................................18

I.    This Court Lacks Jurisdiction to Consider this Appeal .................................18

      A.    Minor Children lacked standing to prosecute the District Court
            Appeal ..............................................................................................19

      B.    The Bankruptcy Court's Order is an interlocutory order, and
            Minor Children failed to seek leave to appeal. ...................................22

II.   This Court Independently Reviews the Bankruptcy Court's Order
      Without Deference to the District Court's Determinations ...........................24

III.  Minor Children Waived Any Argument that the Automatic Stay Does
      Not Apply to the State Court Action ...........................................................26

IV.   The State Court Action Is Stayed Pursuant to Sections 362(a)(1) and
      (a)(3) of the Bankruptcy Code ...................................................................28

      A.    The State Court Action could have been commenced before the
            Petition Date and is therefore stayed under 11 U.S.C. § 362(a)(1)
            ........................................................................................................30

            1.    The State Court Action falls squarely within the ambit of
                  section 362(a)(1) ......................................................................30

            2.    The pre-petition relationship test is irrelevant to the
                  question of whether an action "could have been
                  commenced" before the Petition Date under 11 U.S.C. §
                  362(a)(1) .................................................................................33

      B.    The State Court Action seeks to obtain and control property of
            the estate and is therefore stayed pursuant to 11 U.S.C. §
            362(a)(3) ..........................................................................................35

            1.    Minor Children seek to exercise meaningful control over
                  estate property through their request for injunctive relief .......35

            2.    Minor Children conceded that no tortious or wrongful
                  conduct is ongoing ...................................................................38

*3.     Minor Children's pursuit of costs and attorney's fees represents an attempt to exercise control over and obtain possession of property belonging to the estate* ........................41

V.    The Bankruptcy Court Did Not Abuse Its Discretion in Holding that Cause Does Not Exists Under 11 U.S.C. § 362(d)(1) to Modify the Automatic Stay ............................................................................42

CONCLUSION ........................................................................44

CERTIFICATE OF SERVICE ................................................45

CERTIFICATE OF COMPLIANCE ......................................46

#101720285v1

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Abdulla v. Coleman (In re Sportsman's Link, Inc.)*, No. CV412-045, 2013 U.S. Dist. LEXIS 43751 (S.D. Ga. Mar. 26, 2013) .......................... 20, 21, 22

*Akzo Nobel, Inc. v. United States*, 478 F. App'x 12 (5th Cir. 2012) ......................18

*Andrews Univ. v. Merchant (In re Merchant)*, 958 F.2d 738 (6th Cir. 1992) .........34

*Beauchamp-Velazquez v. Dep't of Educ. of P.R.*, No. 3:17-01419, 2017 U.S. Dist. LEXIS 109714 (D.P.R. July 13, 2017) ...................................................41

*Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298 (5th Cir. 2005) ..........................28

*Cargill, Inc. v. United States*, 173 F.3d 323 (5th Cir. 1999) ...................................18

*Christian v. Pac. W. Bank*, 581 B.R. 797 (E.D. Tex. 2017) ....................................34

*Dean v. Seidel (In re Dean)*, 18 F.4th 842 (5th Cir. 2021) ............................... 19, 20

*Denton County Elec. Coop. v Eldorado Ranch, Ltd (In re Denton County Elec. Coop.)*, No. 02-40665, Adv. No. 02-4135, 2003 Bankr. LEXIS 302 (Bankr. N.D. Tex. Feb. 13, 2003) ...........................................................38

*Dondero v. Highland Capital Mgmt. LP*, No. 3:30-CV-03390, 2022 U.S. Dist. LEXIS 49351 (N.D. Tex. Mar. 18, 2022) ...........................................22

*Dugaboy Inv. Tr. v. Highland Capital Mgmt., L.P. (In re Highland Capital Mgmt., L.P.)*, No. 22-10960, 2023 U.S. App. LEXIS 19671 (5th Cir. July 31, 2023) ...................................................................................... 19, 22

*E. Coast Miner LLC v. Nixon Peabody LLP (In re Licking River Mining, LLC)*, 911 F.3d 806 (6th Cir. 2018) ..............................................................25

*Fin. Sec. Assurance v. T-H New Orleans Ltd. Pshp. (In re T-H New Orleans Ltd. Pshp.)*, 116 F.3d 790 (5th Cir. 1997) ....................................................25

*Fortune Nat. Res. Corp. v. U.S. Dep't of the Interior*, 806 F.3d 363 (5th Cir. 2015) ..................................................................................................19

*Fustolo v. Patriot Grp., LLC (In re Fustolo)*, 896 F.3d 76 (1st Cir. 2018) .............25

#101720285v1

*Garza v. CMM Enters., LLC (In re Garza)*, 605 B.R. 817 (Bankr. S.D. Tex. 2019) .......................................................................................................29

*In re Cinematronics, Inc.*, 111 B.R. 892 (Bankr. S.D. Cal. 1990) .........................36

*In re City of Stockton, Cal.*, 499 B.R. 802 (Bankr. E.D. Cal. 2013)......................41

*In re Clark Pipe & Supply Co.*, 893 F.2d 693 (5th Cir. 1990) ...............................18

*In re DeMore*, 844 F.3d 292 (1st Cir. 2016)..........................................................26

*In re Eagle Enters., Inc.*, 265 B.R. 671 (E.D. Pa. 2001) ........................................43

*In re Graves*, 33 F.3d 242 (3d Cir. 1994) ..............................................................25

*In re Hermosilla*, 450 B.R. 276 (Bankr. D. Mass. 2011).......................................26

*In re Hernandez*, No. 04-40178, 2005 Bankr. LEXIS 789 (Bankr. S.D. Tex. Apr. 27, 2005)................................................................................... 34, 35

*In re IDC Clambakes, Inc.*, 852 F.3d 50 (1st Cir. 2017) ........................................26

*In re Integrated Res., Inc.*, No. 91 Civ. 1310, 1992 U.S. Dist. LEXIS 218 (S.D.N.Y. Jan. 7, 1992) ...............................................................................18

*In re Jefferson Cty.*, 484 B.R. 427 (Bankr. N.D. Ala. 2012) ..................................38

*In re Krueger*, 812 F.3d 365 (5th Cir. 2016) .........................................................17

*In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969 (N.D. Ill. 1992).............................................................................32

*In re McConathy*, No. 90-13449, 2022 Bankr. LEXIS 1429 (Bankr. W.D. La. May 20, 2022) ........................................................................................4

*In re Moore & Moore Trucking, LLC*, No. 20-10925, 2020 Bankr. LEXIS 2865 (Bankr. E.D. La. Oct. 14, 2020) ..........................................................18

*In re Old Cold LLC*, 879 F.3d 376 (1st Cir. 2018). .................................................26

*In re Panayotoff*, 140 B.R. 509 (Bankr. D. Minn. 1992)................................. 30, 31

*In re Residential Capital, LLC*, 501 B.R. 624 (Bankr. S.D.N.Y. 2013).................43

ix

*In re Sanders*, No. 8:20-bk-02731, 2020 Bankr. LEXIS 2840 (Bankr. M.D. Fla. Sep. 15, 2020) ................................................................. 32, 33

*In re Sheedy*, 801 F.3d 12 (1st Cir. 2015) ................................................. 26

*In re Stranahan Gear Co.*, 67 B.R. 834 (Bankr. E.D. Pa. 1986) ........................... 43

*In re Technicool Sys., Inc.*, 896 F.3d 382 (5th Cir. 2018) ............................... 19, 20

*Khan v. Panjwani (In re Khan)*, No. 20-60032, 2021 U.S. Dist. LEXIS 200671 (S.D. Fla. Oct. 19, 2021) ..................................................... 23

*Kingdom Fresh Produce, Inc. v. Stokes Law Office, L.L.P. (In re Delta Produce, L.P.)*, 845 F.3d 609 (5th Cir. 2016) ................................. 24

*Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268 (5th Cir. 1994) ........................... 33

*Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2004 U.S. Dist. LEXIS 23955 (E.D. La. Nov. 24, 2004) ................... 42

*Neutra, Ltd. v. Terry (In re Acis Capital Mgmt., L.P.)*, 604 B.R. 484 (N.D. Tex. 2019) ............................................................... 19

*Newberry v. City of San Bernardino (In re City of San Bernardino)*, 558 B.R. 321 (C.D. Cal. 2016) ...................................... 36, 37, 41, 42

*Nexpoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419 (5th Cir. 2022) ................................. 17

*NexPoint Advisors, LP v. Pachulski Stang Ziehl & Jones LLP (In re Highland Capital Mgmt., LP)*, No. 21-2086, 2022 U.S. Dist. LEXIS 83142 (N.D. Tex. May 9, 2022) .................................................. 20

*Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530 (5th Cir. 2015) ........................................... 25, 26

*Placid Oil Co. v. Williams (In re Placid Oil Co.)*, 463 B.R. 803 (Bankr. N.D. Tex. 2012) ................................................................. 34

*Popular Auto, Inc. v. Reyes-Colon (In re Reyes-Colon)*, 922 F.3d 13 (1st Cir. 2019). ................................................................. 26

*Reliant Energy Servs. v. Enron Can. Corp.*, 349 F.3d 816 (5th Cir. 2003) ............. 18

x

*Rivas v. Weisbart*, No. 4:19-CV-774, 2019 U.S. Dist. LEXIS 187112 (E.D. Tex. Oct. 28, 2019) ...................................................................................24

*Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999) ................................19

*Sims v. Sunnyside Land, LLC*, 425 B.R. 284 (W.D. La. 2010) ...............................23

*Smith v. H.D. Smith Wholesale Drug Co. (In re McCombs)*, 659 F.3d 503 (5th Cir. 2011) ........................................................................................27

*Trevino v. HSBC Mortg. Servs. (In re Trevino)*, 535 B.R. 110 (Bankr. S.D. Tex. 2015) ...................................................................................... 35, 36

*Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663 (5th Cir. 2018)...................... 17, 26

*Webster v. Kijakazi*, 19 F.4th 715 (5th Cir. 2021) ..................................................41

*West v. Hsu (In re Advanced Modular Power Sys., Inc.)*, 413 B.R. 643 (Bankr. S.D. Tex. 2009) .................................................................................36

*Whose Dog R U Prods. v. Molkowitz (In re Orchid Child Prods., LLC)*, No. CC-23-1011, 2023 Bankr. LEXIS 2189 (B.A.P. 9th Cir. Sep. 7, 2023) .......43

*Wright v. Csabi (In re Wright)*, 578 B.R. 570 (Bankr. S.D. Tex. 2017) ................36

*Zimmerman v. Jenkins (In re GGM, P.C.)*, 165 F.3d 1026 (5th Cir. 1999) ...........27

## Statutes

11 U.S.C. § 362 ...................................................................................... iv, 4, 28

11 U.S.C. § 362(a)(1)........................................................... 8, 11, 16, 30, 31, 32, 35

11 U.S.C. § 362(a)(3).................................................................. 16, 35, 38, 41, 42

11 U.S.C. § 362(b) .............................................................................. 28, 29, 33, 34

11 U.S.C. § 362(d)(1)...................................................................... 4, 29, 43

11 U.S.C. § 507(a)(2)........................................................................................42

11 U.S.C. § 541(a) .................................................................................. 36, 37

xi

28 U.S.C. § 157(b)(2)(A) ...................................................................38

28 U.S.C. § 158 .................................................... 2, 3, 15, 19, 22, 23

28 U.S.C. § 1292(b) ...........................................................................24

28 U.S.C. § 1334 ...............................................................................2, 6

28 U.S.C. § 1452(b) .............................................................................6

## Other Authorities

H.R. Rep. No. 95-595 (1978) ............................................................29

S. Rep. No. 989 (1978).......................................................................29

## Rules

Fed. R. App. P. 26.1 ......................................................................... iii

Fed. R. App. P. 32(a)(5) ....................................................................46

Fed. R. App. P. 32(a)(6) ....................................................................46

Fed. R. App. P. 32(a)(7)(B) ...............................................................46

Fed. R. App. P. 32(f) .........................................................................46

Fed. R. Bankr. P. 4001(a)(2) ...............................................................8

Fed. R. Bankr. P. 8003 ...................................................................2, 25

Fed. R. Bankr. P. 8004(a)(2) .............................................................23

Fed. R. Bankr. P. 8004(d) .................................................................23

Fed. R. Bankr. P. 8009 .................................................................. 26, 27

Fifth Circuit Rule 28.2.1 .................................................................... ii

## Treatises

3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2023) ............................... 28, 30, 34, 36

3 Collier on Bankruptcy ¶ 4001.04 (16th ed. 2023) ..............................8

8 Collier on Bankruptcy ¶ 1141.05 (16th ed. 2023) ................................................33

#101720285v1

# JURISDICTIONAL STATEMENT

On May 1, 2020 (the "Petition Date"), the Archdiocese filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Louisiana (the "Bankruptcy Court"), commencing a chapter 11 case (the "Bankruptcy Case"). ROA.787. The Bankruptcy Court exercises jurisdiction over the Bankruptcy Case under 28 U.S.C. § 1334. On November 2, 2022, the Bankruptcy Court issued an Order (the "Bankruptcy Court's Order") denying Minor Children's *Motion for "Comfort Order" that Automatic Stay is Inapplicable, or, Alternatively, for Relief from Automatic Stay* (the "Lift Stay Motion"). ROA.579-80.

Pursuant to Fed. R. Bankr. P. 8003, Minor Children appealed to the District Court on November 15, 2022 (the "District Court Appeal"). ROA.581-82. On January 17, 2023, the Archdiocese filed a *Motion to Dismiss Appeal* (the "Motion to Dismiss"), arguing that Minor Children lacked standing to bring an appeal and the District Court lacked subject matter jurisdiction under 28 U.S.C. § 158(a) because Minor Children failed to seek leave to appeal the Bankruptcy Court's interlocutory Order. ROA.897-917. On June 23, 2023, the District Court entered an Order denying the Motion to Dismiss, holding the Bankruptcy Court's Order was "immediately appealable," and therefore, subject matter jurisdiction existed

2

pursuant to 28 U.S.C. § 158(a). ROA.1230-39.  The District Court subsequently entered an Opinion and Judgment dated July 28, 2023 (collectively, the "Judgment") reversing the Bankruptcy Court's Order.  ROA.1240-56.

The Archdiocese appealed to this Court on August 9, 2023.  ROA.1257-58. The jurisdiction of this Court, acting as a second review court, is governed by 28 U.S.C. § 158(d)(1).  As detailed below, the non-finality of the Bankruptcy Court's Order renders this Court without jurisdiction to consider this Appeal.  *See infra*, Argument, Part I.  Additionally, for the reasons set forth below, Minor Children lack appellate standing.  *See infra*, Argument, Part I.

### STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Did Minor Children have appellate standing to appeal the Bankruptcy Court's Order where they have suffered no direct, financial harm?

2. Does this Court have jurisdiction where the Bankruptcy Court's Order is an interlocutory order, and Minor Children did not seek leave to appeal?

3. Did Minor Children waive and fail to preserve on appeal the issues of (i) the applicability of the automatic stay and (ii) the existence of "cause" to modify the automatic stay?

4. Did the Bankruptcy Court err in applying § 362(a)(1)'s automatic stay to the State Court Action, as defined below, based on its determination that the State Court Action could have been initiated before the Petition Date?

3

5.      Did the Bankruptcy Court abuse its discretion in denying Minor Children's request for relief from the automatic stay, as provided for under 11 U.S.C. § 362(d)(1), based on its determination that "cause" does not exists?

## STATEMENT OF THE CASE

## I.      The Archdiocese's Bankruptcy Case Is Ongoing and the Automatic Stay Is in Effect.

On May 1, 2020, the Archdiocese filed the Bankruptcy Case.  ROA.787.  In the Bankruptcy Case, the Office of the United States Trustee (the "UST") appointed the Official Committee of Unsecured Creditors (the "Committee") on May 20, 2020, which Committee was subsequently reconstituted several times.  ROA.787.  The Official Committee of Unsecured Commercial Creditors (the "Commercial Committee") was appointed on March 5, 2021.  ROA.787.  Both Committees are charged with representing the interests of the unsecured creditors in the Bankruptcy Case.

The commencement of the Bankruptcy Case triggered the automatic stay, which prohibits the commencement or continuance of any and all actions, including lawsuits, against the Debtor and the Debtor's estate.  11 U.S.C. § 362.  Before filing a lawsuit against the Debtor, creditors must seek relief from the automatic stay in accordance with the Bankruptcy Code.  *Id.*; *see also In re McConathy*, No. 90-13449, 2022 Bankr. LEXIS 1429, at *41 (Bankr. W.D. La. May 20, 2022) (recognizing that

4

creditors have a "duty to not violate the stay" and have "several means by which to ensure they did not do so" before filing a lawsuit against a debtor).

## II.    Minor Children Improperly Filed the State Court Action Post-Petition.

On August 15, 2022, after the Petition Date, Minor Children filed a Class Action Petition for Injunction (the "Petition") against the Archdiocese in the Civil District Court for the Parish of Orleans (the "State Court"), commencing a state court action (the "State Court Action").  ROA.392-400.  The State Court Action is a putative class action against the Archdiocese that asserts unlawful discrimination against prospective students with disabilities.  ROA.392, 879.

The Petition defined the putative class as "school-age children with disabilities in the New Orleans metropolitan area" and asserts that "[t]he class includes thousands of members."  ROA.396.  Minor Children allege that "[t]he Archdiocese and other Catholic schools systematically discriminate against children with disabilities through their admissions questions, which unlawfully ask questions about disabilities."  ROA.393.  Minor Children further allege that they have "suffered injuries as a result of Defendant's conduct." ROA.397.  In addition to requests for declaratory and injunctive relief, Minor Children request judgment for costs and attorney's fees.  ROA.398.

## III.    The Archdiocese's Removal and Subsequent Remand of the State Court Action.

On August 31, 2022, the Archdiocese filed a Notice of Removal in the United

5

States District Court for the Eastern District of Louisiana (the "District Court"), followed by a Notice of Suggestion of Bankruptcy and Automatic Stay.  ROA.386-90.  On September 8, 2022, Minor Children filed the *Motion to Remand to State Court* (the "Remand Motion"), urging the District Court to remand the State Court Action for lack of subject matter jurisdiction, or in the alternative, based on the doctrines of mandatory or permissive abstention.  ROA.406-15.

On October 3, 2022, the District Court entered an Order (the "Remand Order") remanding the State Court Action to the State Court.  ROA.456-59.  The Remand Order addressed the question of "whether the Plaintiffs' state court suit is 'related to' Defendant's bankruptcy case under 28 U.S.C. § 1334."  ROA.458.  In particular, the Remand Order analyzed whether the anticipated outcome of the State Court Action "(1) alters the rights, obligations, and choices of action of the debtor, and (2) has an effect on the administration of the estate."  ROA.458.  The Remand Order, however, did not address whether the automatic stay applies to the State Court Action or whether the Bankruptcy Court has jurisdiction to procedurally prohibit, through the automatic stay, further adjudication of the State Court Action.[1]

---

[1] The Archdiocese continues to believe that the District Court's Remand Order was incorrectly decided.  Nevertheless, the propriety of the Remand is not on appeal—nor could it be. 28 U.S.C. § 1452(b).

#101720285v1

**IV.    The Bankruptcy Court Properly Denied Minor Children's Lift Stay Motion.**

   **A.    Minor Children's Filing of the Lift Stay Motion in the Bankruptcy Case.**

On September 13, 2022, *after* filing the State Court Action, Minor Children filed the Lift Stay Motion, seeking relief from the automatic stay imposed by 11 U.S.C. § 362(a) to litigate the State Court Action.  ROA.374-421.  In the Lift Stay Motion, Minor Children incorrectly claimed that "the automatic stay does not apply to Movants' lawsuit," and as such, the "Movants are entitled to a 'comfort order' so they can comfortably 'proceed with legal action in some other court.'"  ROA.376. Further, relying on unsupported allegations, Minor Children argued that "cause" exists to lift the automatic stay under section 362(d)(1) of the Bankruptcy Code. ROA.379-82.  Importantly, Minor Children emphasized in the Lift Stay Motion that the primary purpose of the State Court Action is to "prevent the Archdiocese and its affiliated schools from mailing out applications on November 9, 2022."  ROA.377.

In contravention of the Bankruptcy Court's Local Rules, Minor Children attempted to set the hearing on the Lift Stay Motion on less than twenty-one (21) days' notice, and, after a Notice of Deficiency, further tried to expedite the hearing. ROA.601, 602-03.  On September 21, 2022, the Bankruptcy Court denied Minor Children's *Motion to Set Expedited Hearing* (the "Motion to Expedite") and set the Lift Stay Motion for hearing on October 17, 2022.  ROA.706-07.

7

Refusing to comply with the Bankruptcy Court's Order denying the Motion to Expedite, Minor Children filed an *Emergency Motion for Ex Parte Relief Under FRBP 4001(a)(2)* (the "Ex Parte Stay Relief Motion")[2] on September 28, 2022, seeking emergency *ex parte* stay relief under Fed. R. Bankr. P. 4001(a)(2).[3] ROA.708-75. On October 3, 2022, the Bankruptcy Court denied the Ex Parte Stay Relief Motion, emphasizing that the Ex Parte Stay Relief Motion sought "identical relief" as the Motion to Expedite and cautioning Minor Children's counsel to observe and adhere to the Bankruptcy Rules. ROA.818-21.

## B.    The Objections to the Lift Stay Motion.

On October 11, 2022, the Archdiocese filed its *Objection to Motion for "Comfort Order" that Automatic Stay is Inapplicable, or, Alternatively, for Relief from Automatic Stay* (the "Debtor's Objection"), asserting that (i) the State Court Action is automatically stayed pursuant to sections 362(a)(1) and 362(a)(3) of the Bankruptcy Code, and (ii) the State Court Action is moot because the Archdiocese removed the admissions questions Minor Children sought to enjoin. ROA.422-40.

---

[2] "The grating of *ex parte* relief from the automatic stay is an extraordinary step that rarely is appropriate." 3 Collier on Bankruptcy ¶ 4001.04[2] (16th ed. 2023). In fact, "[t]here are extremely few situations in which threatened harm is both irreparable and so imminent that opposing parties cannot be given notice and participate in a hearing." *Id.* at ¶ 4001.04[5].

[3] Minor Children contemporaneously filed the *Ex Parte Motion for Leave to File Affidavits Under Seal*, requesting permission to file certain affidavits in support of the Ex Parte Stay Relief Motion under seal. ROA.776-77. On September 29, 2022, the Court issued a Notice of Deficiency in response to the Ex Parte Motion to Seal because Minor Children failed to hand-deliver the sealed documents to the Court. ROA.778.

The Commercial Committee contemporaneously objected to the Lift Stay Motion (the "Commercial Committee's Objection"), adopting by reference the Debtor's Objection. ROA.441-47. On October 12, 2022, Minor Children filed the *Reply Brief in Support of Motion for "Comfort Order"* (the "Reply in Support of the Lift Stay Motion"), erroneously arguing for the first time that the Bankruptcy Court does not have jurisdiction to hear the Lift Stay Motion in light of the Remand Order. ROA.448-509.

### C.    The Supplemental Objection to the Lift Stay Motion.

Despite the pendency of the Lift Stay Motion and related pleadings in the Bankruptcy Case, Minor Children, in contravention of the automatic stay, filed an amended Petition (the "Amended Petition") on October 10, 2023, only days before the hearing on the Lift Stay Motion. The Amended Petition (i) named an additional class representative, (ii) named St. Catherine of Siena Roman Catholic Church d/b/a St. Catherine of Siena School as an additional defendant, and (iii) asserted additional facts. ROA.879-86. The Amended Petition redefined the putative class as "school-age children with disabilities who live within the geographic boundaries of the Archdiocese of New Orleans." ROA.884. Although the Amended Petition maintained that Minor Children have "suffered injuries as a result of Defendants' conduct," it removed the allegation that, "The Defendant has, through its deliberate actions or omissions, proximately caused injuries to Plaintiffs." ROA.397.

9

As a result, the Archdiocese filed its *Supplemental Objection to Motion for "Comfort Order" that Automatic Stay is Inapplicable, or, Alternatively, for Relief from Automatic Stay* (the "Debtor's Supplemental Objection"), detailing Minor Children's disregard of the automatic stay and judicial process.  ROA.875-86.

### D.    The Bankruptcy Court's Order Denying Stay Relief.

On October 17, 2022, the Bankruptcy Court held the hearing on the Lift Stay Motion.  At the hearing, the Bankruptcy Court emphasized that the automatic stay applies to the State Court Action and shifted its inquiry to whether cause exists under section 362(d)(1) of the Bankruptcy Code to modify the automatic stay.  ROA.555:8-25.

During the hearing, Minor Children admitted that, at that time, they were only seeking for the allegedly discriminatory questions to be removed from the admissions applications.  ROA.560:3-21.  The Bankruptcy Court therefore instructed the parties to meet and confer regarding the status and content of the admissions applications that Minor Children sought to enjoin.  ROA.894-95.  The Bankruptcy Court stated: "*The stay absolutely applies*…I'm not going to let resources be diverted from this process in attorney time, principal time, money that could be going to creditors."  ROA.563:6-18.

The parties then conferred, and the Archdiocese provided Minor Children with the *Declaration of RaeNell Houston*, which represented that the Archdiocese

withdrew the allegedly discriminatory admissions questions identified by Minor Children from each admissions application.  ROA.566-70.  As such, in preparation of the continued hearing, Minor Children filed the *Status Report* (the "Status Report"), in which they represented the following:

> The Archdiocese has now confirmed that it has removed the allegedly discriminatory questions from the admissions applications of the schools it directly controls, and that is has recommended that the Parish Schools do the same. Given this development, Movants represent to this Court that they ***no longer intend to seek a preliminary injunction***.

ROA.566. (emphasis added).

At the continued hearing, the Bankruptcy Court held that it exercised jurisdiction over the Lift Stay Motion.  ROA.576:15-17.  The Bankruptcy Court found that the automatic stay applies to the State Court Action because that action could have been brought before the Petition Date under 11 U.S.C. § 362(a)(1). ROA.576:22-25.  Considering Minor Children's representations in the Status Report and the parties' resolution, the Bankruptcy Court denied the Lift Stay Motion without prejudice, allowing Minor Children to reurge the Lift Stay Motion in the future.  ROA.577:10-13.  On November 2, 2022, the Court entered its Order denying the Lift Stay Motion without prejudice.  ROA.579-80.

## V.    The District Court's Judgment Improperly Reversed the Bankruptcy Court's Order.

On November 17, 2022, without first seeking leave, Minor Children filed a

11

Notice of Appeal of the Bankruptcy Court's Order to the District Court. ROA.581-82, 897-917. Minor Children designated the sole issue on appeal in the District Court as "[w]hether the Bankruptcy Court has jurisdiction to enforce the automatic stay with regard to a lawsuit that the district court has already concluded is not within its jurisdiction, because the suit is not conceivably 'related to' the debtor's bankruptcy case." ROA.366. By limiting their appeal to this sole issue, Minor Children failed to appeal to the District Court the issues of (i) whether the automatic stay applies to the State Court Action and (ii) whether "cause" exists under section 362(d)(1) to modify the automatic stay. Further, Minor Children incorrectly tied its appeal to the District Court's Remand Order, which did not address whether the automatic stay applies to the State Court Action or whether the Bankruptcy Court has jurisdiction to procedurally prohibit, through the automatic stay, further adjudication of the State Court Action.

Despite the procedural issues outlined above, on July 28, 2023, the District Court entered its Judgment, reversing the Bankruptcy Court's Order. ROA.1240-56. The District Court held that (i) the Bankruptcy Court had "arising under" jurisdiction to hear and determine the Lift Stay Motion,[4] and (ii) Minor Children's claims against the Archdiocese in the State Court Action are not subject to the

---

[4] No party has challenged or appealed the District Court's holding that the Bankruptcy Court had jurisdiction to determine the Lift Stay Motion.

automatic stay.  ROA.1240-55.  Not only did the District Court improperly rule outside of the ***sole issue*** Minor Children designated in their appeal, it ruled despite lacking jurisdiction to consider Minor Children's appeal.  Following entry of the District Court's Judgment, the Archdiocese filed a Notice of Appeal of the District Court's Judgment to this Court (this "Appeal").  ROA.1257-58.

## VI.  Preliminary Injunction in the State Court Action.

Contrary to their representations to the Bankruptcy Court that they "no longer intend to seek a preliminary injunction," Minor Children filed a Motion for Preliminary Injunction in the State Court Action (the "Motion for Preliminary Injunction") on September 11, 2023.  The Motion for Preliminary Injunction sought distinct and separate relief from the relief originally requested in the State Court Petition.  In particular, the Motion for Preliminary Injunction sought to enjoin allegedly discriminatory questions asked orally in student interviews, phone calls, or other meetings.  In support of the Motion for Preliminary Injunction, Minor Children submitted new evidence, including numerous affidavits from parents of children with disabilities.  These affidavits were not filed before, or considered by, the Bankruptcy Court in connection with the Lift Stay Motion.[5]  Consequently, the affidavits were not part of the record on appeal in the District Court, and therefore,

---

[5] The affidavits nevertheless confirm that the allegations could have been asserted pre-petition.  *See infra*, Argument, Part IV(A).

are not in the record before this Court.

On September 14, 2023, after the initiation of this Appeal and before the hearing on the Motion for Preliminary Injunction, Minor Children amended the Petition (the "Second Amended Petition") to (i) remove St. Catherine of Siena School as a defendant, (ii) remove a plaintiff; (iii) join the persons having parental authority over the class representatives, and (iv) assert additional facts. In particular, the Second Amended Petition alleged that "Catholic schools also routinely ask the same types of questions orally, during student interviews or phone calls," and it asserted numerous allegations regarding the control and ownership of Catholic schools that are operated by church parishes.

The Motion for Preliminary Injunction was set for hearing on September 21, 2023, along with the Archdiocese's Peremptory Exceptions of Lack of Subject Matter Jurisdiction and Nonjoinder of Parties. The State Court ultimately granted the Archdiocese's Exception of Nonjoinder, holding that Minor Children must amend their Petition and join the local schools run by separately incorporated parish entities that Minor Children also seek to enjoin. Because all necessary parties are not yet joined to the State Court Action, the State Court declined to hear the Motion for Preliminary Injunction.

On October 6, 2023, Minor Children filed yet another amended Petition (the "Third Amended Petition") and a renewed Motion for Preliminary Injunction (the

"Renewed Motion for Preliminary Injunction"). Instead of joining the local schools run by separately incorporated parish entities as instructed, Minor Children only amended the Petition to limit their allegations against the schools that the Archdiocese directly controls. This amendment is yet another tactic to avoid court orders.

## SUMMARY OF THE ARGUMENT

This Court lacks jurisdiction to consider this Appeal because Minor Children lacked standing to appeal the Bankruptcy Court's Order and Minor Children failed to seek leave to appeal as required by 28 U.S.C. § 158. To appeal a bankruptcy court order, an appellant must show a direct, financial injury suffered as a result of that order. Here, the Bankruptcy Court's Order does not directly and adversely affect Minor Children's pecuniary interests. Further, although the Bankruptcy Court's Order is an interlocutory order, Minor Children never sought leave to appeal. Because the District Court's Judgment did not cure the interlocutory nature of the Bankruptcy Court's Order, this Court is without jurisdiction to proceed.

Even if this Court has jurisdiction, the Bankruptcy Court's factual determinations and legal conclusions withstand scrutiny under both the clear error and *de novo* review standards. The State Court Action seeks an injunction directing the Archdiocese to eliminate specific admissions questions for schools under its direct purview. As evidenced by the record, the Archdiocese drafted these questions

15

well before the Petition Date, and prospective students were exposed to these same questions pre-petition. Thus, Minor Children base their injunctive relief claim on the Archdiocese's pre-petition actions, and as a result, Minor Children could have brought the State Court Action before the Petition Date, making their post-petition discovery of the alleged conduct inconsequential. Therefore, the Bankruptcy Court's determination that the State Court Action is stayed under 11 U.S.C. § 362(a)(1) stands as a correct interpretation of the law.

The State Court Action is also automatically stayed by 11 U.S.C. § 362(a)(3) because it requests an injunction to alter the Archdiocese's admissions policies and applications and, therefore, constitutes an "act…to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Significantly, the State Court Action seeks monetary compensation in the form of costs and attorney's fees, and an action that seeks to recover attorney's fees from a debtor is unquestionably one that attempts to obtain possession of the property of a debtor in violation of § 362(a)(3).

The Bankruptcy Court did not abuse its discretion in ruling that there is insufficient "cause" to modify the automatic stay. Minor Children conceded that no tortious or wrongful conduct is ongoing in connection with the Lift Stay Motion. Specifically, Minor Children represented to the Bankruptcy Court that because the Archdiocese removed the allegedly discriminatory questions, they no longer intended to seek a preliminary injunction. Allowing additional class litigation to

proceed at this time will only prejudice other creditors and devastate the Archdiocese's reorganization efforts. This is precisely the type of harm that the automatic stay is designed to prevent. Given the minimal impact of the stay on Minor Children, coupled with the serious risk of prejudice to the Archdiocese, its estate, and all creditors if the stay is lifted, the Bankruptcy Court did not abuse its discretion in denying the Lift Stay Motion. Regardless, Minor Children waived and failed to preserve any argument challenging the Bankruptcy Court's findings that the automatic stay applies and "cause" does not exists to modify it. Accordingly, the Bankruptcy Court's Order should be reinstated and affirmed in all respects.

## STANDARD OF REVIEW

This Court reviews "a bankruptcy court's legal conclusions *de novo* and its findings of fact for clear error." *Viegelahn v. Lopez (In re Lopez)*, 897 F.3d 663, 668 (5th Cir. 2018). "Clear error is a formidable standard: this court disturbs factual findings only if left with a firm and definite conviction that the bankruptcy court made a mistake." *Nexpoint Advisors, L.P. v. Highland Cap. Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 434 (5th Cir. 2022) (quoting *In re Krueger*, 812 F.3d 365, 374 (5th Cir. 2016)). In applying this standard, this Court "defer[s] to the bankruptcy court's credibility determinations." *Id.* (citations omitted). For mixed questions of law and fact, the factual premises remain subject to the "clearly erroneous" standard, while the legal conclusions are subject to *de*

17

*novo* review.  *In re Clark Pipe & Supply Co.*, 893 F.2d 693, 697-98 (5th Cir. 1990) (citations omitted).

A bankruptcy court's determination regarding the scope or applicability of the automatic stay is a legal question reviewed *de novo*.  *Reliant Energy Servs. v. Enron Can. Corp.,* 349 F.3d 816, 825 (5th Cir. 2003).  In contrast, a decision granting or denying a motion to lift the automatic stay is left to the discretion of the Bankruptcy Court and decided on a case-by-case basis, and the decision may be overturned only upon a showing that the bankruptcy court abused its discretion.  *See In re Moore & Moore Trucking, LLC*, No. 20-10925, 2020 Bankr. LEXIS 2865, at *6 (Bankr. E.D. La. Oct. 14, 2020); *see also In re Integrated Res., Inc.*, No. 91 Civ. 1310, 1992 U.S. Dist. LEXIS 218, at *4 (S.D.N.Y. Jan. 7, 1992) ("Thus, absent a showing of abuse, the decision as to whether the automatic stay will be lifted is committed to the discretion of the bankruptcy judge.").  "[A] court abuses its discretion when it (1) relies on clearly erroneous factual findings, (2) relies on erroneous conclusions of law, or (3) misapplies its factual or legal conclusions." *Akzo Nobel, Inc. v. United States*, 478 F. App'x 126, 131-32 (5th Cir. 2012) (quoting *Cargill, Inc. v. United States*, 173 F.3d 323, 341 (5th Cir. 1999)).

## ARGUMENT AND AUTHORITIES

### I.      This Court Lacks Jurisdiction to Consider this Appeal.

This Court lacks jurisdiction to consider this Appeal because Minor Children

are not "persons aggrieved" under the exacting test for bankruptcy appellate standing, and they failed to seek leave to appeal the Bankruptcy Court's interlocutory Order as required by 28 U.S.C. § 158.

### A. Minor Children lacked standing to prosecute the District Court Appeal.

Standing is a component of subject matter jurisdiction and can be raised at any time by any party or by a court *sua sponte* on appeal. *Neutra, Ltd. v. Terry (In re Acis Capital Mgmt., L.P.)*, 604 B.R. 484, 515 (N.D. Tex. 2019) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)). This Court reviews standing *de novo*. *Fortune Nat. Res. Corp. v. U.S. Dep't of the Interior*, 806 F.3d 363, 366 (5th Cir. 2015).

"[S]tanding to appeal a bankruptcy court order is, of necessity, quite limited." *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021) (quoting *In re Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018)). To determine whether a party has standing to appeal a bankruptcy court order, this Court uses the "person aggrieved" test. *Fortune Nat. Res.*, 806 F.3d at 367; *see also Dugaboy Inv. Tr. v. Highland Capital Mgmt., L.P. (In re Highland Capital Mgmt., L.P.)*, No. 22-10960, 2023 U.S. App. LEXIS 19671, at *4 (5th Cir. July 31, 2023). The appellant must show that she is "directly, adversely, and financially impacted by a bankruptcy order." *In re Dean*, 18 F.4th at 844 (quoting *In re Technicool Sys., Inc.*, 896 F.3d 382, 384 (5th Cir. 2018)) (emphasis added). "Such standing must be connected to

19

the exact order being appealed as opposed to the proceedings more generally." *Id.*

Importantly, "Appellants cannot demonstrate bankruptcy standing when the court

order to which they are objecting does not directly affect their wallets." *Id.*

The Fifth Circuit has described the rationale for the additional standing

requirement as follows:

> …[D]isgruntled litigants may [not] appeal every
> bankruptcy court order willy-nilly. Quite the contrary.
> Bankruptcy cases often involve numerous parties with
> conflicting and overlapping interests. Allowing each and
> every party to appeal each and every order would clog up
> the system and bog down the courts. Given the specter of
> such sclerotic litigation, standing to appeal a bankruptcy
> court order is, of necessity, quite limited.

*NexPoint Advisors, LP v. Pachulski Stang Ziehl & Jones LLP (In re Highland*

*Capital Mgmt., LP)*, No. 21-2086, 2022 U.S. Dist. LEXIS 83142, at *5 (N.D. Tex.

May 9, 2022) (quoting *In re Technicool Sys., Inc.*, 896 F.3d at 385)). Therefore, "a

party has standing to appeal an order when its reversal would have an immediate

effect on that individual's pecuniary interests, not where reversal simply raises the

***mere possibility*** that some pecuniary benefit may inure to the individual in the

future." *Abdulla v. Coleman (In re Sportsman's Link, Inc.)*, No. CV412-045, 2013

U.S. Dist. LEXIS 43751, *6 (S.D. Ga. Mar. 26, 2013).

In short, Minor Children are not "persons aggrieved" because the Bankruptcy

Court's Order does not directly and adversely affect their financial interests.

Pursuant to the State Court Action, Minor Children do not seek monetary damages.

20

Indeed, as reflected in the record, Minor Children have expressly *disclaimed* damages on multiple occasions.[6]  Absent a request for monetary damages, Minor Children cannot identify how the Bankruptcy Court's Order financially harmed them.  This lack of financial interest is fatal to their appellate standing.

Minor Children contend, and the District Court concurred, that Minor Children possess a financial interest in the Bankruptcy Court's Order due to the mere *risk* of potential sanctions for violating the automatic stay.  This hypothetical risk alone, however, is insufficient to confer standing.  To establish standing under the Bankruptcy Code, Minor Children's financial interests must be *directly and immediately* impacted by the Bankruptcy Court's Order.  And, simply put, "there are far too many contingencies associated with [Minor Children's] argument for this Court to conclude that they possess standing."  *See In re Sportsman's Link, Inc.*, No. CV412-045, 2013 U.S. Dist. LEXIS 43751, at *6.

For instance, several unknowns must occur in succession for Minor Children's argument to hold:  the Archdiocese must first prevail on Appeal, then actively pursue sanctions against Minor Children under 11 U.S.C. § 362(k)(1), and then succeed in

---

[6] *See, e.g.*, ROA.374. ("Moreover, the suit…requests only injunctive relief and expressly disclaims damages." ); ROA.375. ("The suit seeks only injunctive relief and expressly disclaims damages as a remedy."); ROA.715. ("The Movants' suit does not seek damages, only injunctive relief." ); ROA.879. ("The plaintiffs do not seek damages."); ROA.547:1-2. ("[W]e're not seeking any damages….").

obtaining these sanctions.[7]  "This chain of possibilities establishes, at best, an indirect effect on [Minor Children's] pecuniary interests, far from the direct and adverse effect required to impart standing to prosecute this appeal."  *Id.* at *7; *see also In re Highland Capital Mgmt., L.P.*, No. 22-10960, 2023 U.S. App. LEXIS 19671, at *4 ("Several events would have to occur before money is put back into Dugaboy's pocket….Thus, the district court properly found that Dugaboy lacked standing."); *Dondero v. Highland Capital Mgmt. LP*, No. 3:30-CV-03390, 2022 U.S. Dist. LEXIS 49351, at *6-7 (N.D. Tex. Mar. 18, 2022).  Minor Children's speculative, indirect financial harm—which they previously disclaimed—does not confer standing.  To find otherwise would allow Minor Children "the ability to delay the ultimate resolution of the debtor's bankruptcy proceedings to the detriment of its creditors, the very same fear underlying the more restrictive standing requirements present in the [] Bankruptcy Code."  *See In re Sportsman's Link, Inc.*, No. CV412-045, 2013 U.S. Dist. LEXIS 43751, at *8.

## B.    The Bankruptcy Court's Order is an interlocutory order, and Minor Children failed to seek leave to appeal.

Appeals from bankruptcy court orders are governed by 28 U.S.C. § 158.

Pursuant to section 158(a), district courts have jurisdiction to hear appeals from final

---

[7] Notably, Minor Children filed the State Court Action fourteen (14) months ago.  There is not, and never has been, a motion for sanctions pending against Minor Children in connection with Minor Children's actions in the State Court Action or this case.

judgments, orders, and decrees of the bankruptcy court, as well as interlocutory orders and decrees from which the district court has granted leave to appeal. 28 U.S.C. § 158(a). To appeal a bankruptcy court's interlocutory order, an appellant must file a notice of appeal, accompanied by a motion for leave to appeal. FED. R. BANKR. P. 8004(a)(2). If the appellant fails to file the required motion for leave to appeal, but timely files a notice of appeal, the district court may nonetheless "treat the notice of appeal as a motion for leave and either grant or deny it." FED. R. BANKR. P. 8004(d).

The Bankruptcy Court's denial of stay relief "without prejudice" did not result in a final, appealable order. Specifically, the Bankruptcy Court's Order did not conclusively resolve the question of stay relief, given that Minor Children can again seek stay relief in the future. *See Khan v. Panjwani (In re Khan),* No. 20-60032, 2021 U.S. Dist. LEXIS 200671, at *7 (S.D. Fla. Oct. 19, 2021). Because Minor Children failed to seek leave to appeal the Bankruptcy Court's interlocutory Order, the District Court lacked subject matter jurisdiction under 28 U.S.C. § 158(a).

Pursuant to Fed. R. Bankr. P. 8004(d), the District Court exercised its discretion to treat the Notice of Appeal as a motion for leave to appeal. In considering whether to grant leave to appeal interlocutory orders from a bankruptcy court, Fifth Circuit courts have adopted the standard under 28 U.S.C. § 1292(b). *See Sims v. Sunnyside Land, LLC*, 425 B.R. 284, 290 (W.D. La. 2010). A district court

cannot impliedly grant leave to appeal merely by ruling on an appeal from the bankruptcy court that is pending before it. *Kingdom Fresh Produce, Inc. v. Stokes Law Office, L.L.P. (In re Delta Produce, L.P.)*, 845 F.3d 609, 618 (5th Cir. 2016) (citations omitted). Instead, before reaching the merits of the parties' arguments, the district court must determine whether granting leave to file an interlocutory appeal is warranted.

The District Court here failed to apply the § 1292(b) standard to ascertain if leave was warranted. Instead, it hastily concluded in a footnote, without analysis, that the interlocutory appeal should be permitted. ROA.1237. The District Court's ruling contravenes Fifth Circuit law, which requires courts to demonstrate leave is warranted and that circumstances exist to justify departing from the general policy against allowing interlocutory appeals. *See Rivas v. Weisbart*, No. 4:19-CV-774, 2019 U.S. Dist. LEXIS 187112 (E.D. Tex. Oct. 28, 2019). Therefore, the non-finality of the Bankruptcy Court's Order, coupled with the District Court's failure to apply the § 1292(b) standard, rendered the District Court without jurisdiction to consider the appeal.

## II.    This Court Independently Reviews the Bankruptcy Court's Order Without Deference to the District Court's Determinations.

If Minor Children have standing, this Court should review the Bankruptcy Court's Order. In an appeal from district court review of a bankruptcy court order, an appellate court independently reviews the bankruptcy court's decision, ordinarily

24

applying the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *Fin. Sec. Assurance v. T-H New Orleans Ltd. Pshp. (In re T-H New Orleans Ltd. Pshp.)*, 116 F.3d 790, 797 (5th Cir. 1997). Acting as a "second review court," an appellate court is "focused on the actions of the Bankruptcy Court." *Official Comm. of Unsecured Creditors v. Moeller (In re Age Ref., Inc.)*, 801 F.3d 530, 538-39 (5th Cir. 2015). As such, no deference is given to the district court's determinations. *E. Coast Miner LLC v. Nixon Peabody LLP (In re Licking River Mining, LLC)*, 911 F.3d 806, 810 (6th Cir. 2018) ("In appeal to our court, we directly review the bankruptcy court's opinion rather than the district court's opinion, and we give no deference to the district court's opinion."); *In re Graves*, 33 F.3d 242, 246 (3d Cir. 1994) (circuit court's review in a bankruptcy appeal "duplicates that of the district court and [it] view[s] the bankruptcy court decision unfettered by the district court's determination"); *Fustolo v. Patriot Grp., LLC (In re Fustolo)*, 896 F.3d 76, 83 (1st Cir. 2018) ("Notwithstanding the fact that we are the second-in-time reviewers, we cede no special deference to the district court's determinations.") (citations omitted).

As explained by the First Circuit:

> Title 28 U.S.C. § 158(a)-(b) provides for intermediate appeals either to the district court or to the BAP. *See also* Fed. R. Bankr. P. 8003-05. A party who loses that intermediate review may either accept the loss and return to the bankruptcy court, with the BAP or district court ruling controlling, *see, e.g., In re Hermosilla*, 450 B.R.

276, 287-88 (Bankr. D. Mass. 2011), or may appeal to this court, *see* 28 U.S.C. § 158(d)(1). In the event of an appeal to this court, however, we do not review per se the BAP or district court ruling. Rather, we "assess[] the bankruptcy court's decision directly," *In re DeMore*, 844 F.3d 292, 296 (1st Cir. 2016) (quoting *In re Sheedy*, 801 F.3d 12, 18 (1st Cir. 2015)), giving no deference to the intermediate appellate ruling, *see In re IDC Clambakes, Inc.*, 852 F.3d 50, 59 (1st Cir. 2017). In short, once a notice of appeal to this court has been filed, the operative ruling under review is the bankruptcy court ruling, with the BAP or district court ruling serving more or less like an amicus brief (albeit one that can be extremely helpful). *In re Old Cold LLC*, 879 F.3d 376, 383 n.2 (1st Cir. 2018).

*Popular Auto, Inc. v. Reyes-Colon (In re Reyes-Colon)*, 922 F.3d 13, 17 (1st Cir. 2019).  Accordingly, for purposes of this Appeal, the operative ruling under review is the Bankruptcy Court's Order, not the District Court's Order.  *In re Lopez*, 897 F.3d at 668 (citations omitted).  In reviewing the Bankruptcy Court's Order independently, this Court should afford no deference to the District Court's intermediate appellate determination.  *See, e.g., In re Age Ref., Inc.*, 801 F.3d at 538-39.

## III.     Minor Children Waived Any Argument that the Automatic Stay Does Not Apply to the State Court Action.

Minor Children did not designate (i) the applicability of the automatic stay or (ii) the existence of "cause" under section 362(d)(1) as issues on appeal in the District Court.  ROA.366.  Federal Rule of Bankruptcy Procedure 8009—previously Fed. R. Bankr. P. 8006—provides that, in an appeal to a district court or a bankruptcy

26

appellate panel, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included on the record on appeal and a statement of issues to be presented." Fed. R. Bankr. P. 8009. This Court has held that "even if an issue is argued in the bankruptcy court and ruled on by that court, it is not preserved for appeal under Bankruptcy Rule [8009] unless the appellant includes the issue in its statement of issues on appeal." *Smith v. H.D. Smith Wholesale Drug Co. (In re McCombs)*, 659 F.3d 503, 510 (5th Cir. 2011); *see also Zimmerman v. Jenkins (In re GGM, P.C.)*, 165 F.3d 1026, 1032 (5th Cir. 1999). Importantly, "[t]he issue is waived on subsequent appeal to the Fifth Circuit, even if the issue was argued before the district court." *In re McCombs*, 659 F.3d at 503.

Here, Minor Children designated the sole issue on appeal in the District Court as "[w]hether the Bankruptcy Court has jurisdiction to enforce the automatic stay with regard to a lawsuit that the district court has already concluded is not within its jurisdiction, because the suit is not conceivably 'related to' the debtor's bankruptcy case." ROA.366. Consequently, Minor Children waived and failed to preserve on appeal the issues of (i) the applicability of the automatic stay and (ii) the existence of "cause" to modify the automatic stay. Therefore, this Court need not consider these waived issues, and the District Court should not have done so.

**IV.    The State Court Action Is Stayed Pursuant to Sections 362(a)(1) and (a)(3) of the Bankruptcy Code.**

Assuming, *arguendo*, the Court has the jurisdiction to review this Appeal and that Minor Children preserved all relevant issues for their appeal, the District Court improperly reversed the Bankruptcy Court's Order on the merits, and Minor Children cannot proceed to litigate the State Court Action without violating the automatic stay.    Section 362 of the Bankruptcy Code provides that a stay automatically applies whenever a debtor files a petition for bankruptcy.    11 U.S.C. § 362(a).    The stay prohibits a variety of actions against the debtor or the debtor's property.    *See* 11 U.S.C. §§ 362(a)(1)-(8).    As such, "[t]he automatic stay has broad application."    *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303 (5th Cir. 2005); *see also* 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2023).    In essence, the automatic stay is designed to protect any property subject to dispute, indicating a legislative intent to prioritize such protection in cases of ambiguity or uncertainty. [8]    *In re Chesnut*, 422 F.3d at 303.

Indeed, the automatic stay provision of section 362 is a key component of federal bankruptcy law.    *Garza v. CMM Enters., LLC (In re Garza)*, 605 B.R. 817,

---

[8] Section 362(b) of the Bankruptcy Code contains a list of exceptions to the stay.    *See* 11 U.S.C. § 362(b)(1)-(28).    These exceptions address certain actions that would ordinarily be stayed under section 362(a) but are expressly excluded from the stay due to distinct policy considerations that are not present here.    3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2023).

28

827 (Bankr. S.D. Tex. 2019).  The legislative history of section 362(a) underscores

its importance:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
>
> The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. Bankruptcy is designed to provide an orderly [reorganization or] liquidation procedure under which all creditors are treated equally. A race of diligence by creditors for the debtor's assets prevents that.

H.R. REP. NO. 95-595 (1978); *see also* S. REP. NO. 989 (1978).  The automatic stay

ensures a respite for the debtor and imposes a moratorium on collection efforts

regarding property of the estate.  *In re Garza*, 605 B.R. at 827.

In the instant case, the State Court Action is subject to the automatic stay

under sections 362(a)(1) and 362(a)(3) of the Bankruptcy Code.  Because the State

Court Action does not fall within the limited exceptions to the automatic stay

provided in 11 U.S.C. § 362(b), Minor Children cannot proceed with litigating the

State Court Action absent a showing of cause.  *See* 11 U.S.C. § 362(d).

**A.      The State Court Action could have been commenced before the Petition Date and is therefore stayed under 11 U.S.C. § 362(a)(1).**

      *1.      The State Court Action falls squarely within the ambit of section 362(a)(1).*

Section 362(a)(1) of the Bankruptcy Code prohibits:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was **_or_** could have been commenced before the commencement of the case under this title, **_or_** to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case….

11 U.S.C. § 362(a)(1). "The language of this provision is about as clear as one could reasonably want, and about as broad as Congress could have provided." *In re Panayotoff*, 140 B.R. 509, 511 (Bankr. D. Minn. 1992); *see also* 3 Collier on Bankruptcy ¶ 362.03[3] (16th ed. 2023) ("The stay provision of subsection (a)(1) is drafted so broadly that it encompasses all types of legal proceedings, subject only to the exceptions provided in section 362(b)."). A reading of the statute supports two well-recognized principles. First, section 362(a)(1) does not hinge on a temporal requirement of pre-petition case commencement; instead, the statute expressly states that the automatic stay applies to the commencement or continuation of any action that "was or **_could have been_** commenced" before the petition date. Hence, if an action "could have been" initiated prior to a bankruptcy case, further litigation of that cause of action is stayed by operation of section 362(a)(1). Second, by using

"or" as a disjunctive, section 362(a)(1) refers to two separate classes of proceedings. In other words, section 362(a)(1) prohibits both (i) commencing a proceeding that could have been commenced pre-petition, and (ii) attempting to recover a claim that arose before the commencement of the case. *In re Panayotoff*, 140 B.R. at 511.

To evade the automatic stay, Minor Children frame the State Court Action as a proceeding solely based on post-petition events. This characterization is a red herring. Minor Children discovered the alleged conduct post-petition, but this post-petition discovery of the alleged conduct is immaterial. The relevant question is whether the State Court Action could have been commenced before the Petition Date. And, as recognized by the Bankruptcy Court, the State Court Action is a proceeding that could have been commenced against the Archdiocese before the Petition Date under section 362(a)(1). ROA.576:22-25. ("[t]he stay actually exists pursuant to 362(a)(1) because this is a…suit that could have been brought…against the Archdiocese before the Petition Date."); *see also* ROA.555:8-12. ("…Question 1, is there an automatic stay? Absolutely. This case could have been commenced before the petition date.").

As stated in the sworn Declaration filed by Minor Children in the Bankruptcy Case, "[t]he admissions questions used on each School application were drafted before May 1, 2020, and have remain unchanged…." ROA.569. As such, the admissions questions at issue in the State Court Action were drafted, disseminated,

31

and available to the public, including school-age children with disabilities, well before the commencement of the Archdiocese's Bankruptcy Case. Consequently, the injunctive relief sought by Minor Children is based on actions taken by the Archdiocese before the commencement of the Bankruptcy Case, and, as a result, Minor Children could have sought to remedy these allegedly discriminatory admissions questions during the admissions cycles that occurred before the Petition Date. *See In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 976 (N.D. Ill. 1992) ("And the continuation during bankruptcy of conduct…begun beforehand is most certainly one in which an action 'was or could have been commenced before the commencement of the case under the title.'"). Simply put, under the plain language of section 362(a)(1), the State Court Action could have been commenced before the Petition Date.

Notably, the automatic stay of section 362(a)(1) applies equally to actions seeking injunctive or similar relief as well as actions seeking money judgments. 3 Collier on Bankruptcy ¶ 362.03[3] (16th ed. 2022) (emphasis added); *In re Sanders*, No. 8:20-bk-02731, 2020 Bankr. LEXIS 2840, at *5 (Bankr. M.D. Fla. Sep. 15, 2020) ("Section 362(a)(1) does not exclude proceedings for injunctive relief."). Certainly, "[i]t is clear from the several specific exceptions provided in § 362(b) that Congress knew how to carve out a particular type of judicial proceeding from the ambit of § 362(a) if it chose to do so." *In re Sanders*, No. 8:20-bk-02731, 2020

#101720285v1

Bankr. LEXIS 2840, at *5.  None of the enumerated exceptions to the stay's application that are set forth in the Bankruptcy Code itself apply to the injunctive relief at issue, and Minor Children do not suggest otherwise.  *See* 11 U.S.C. § 362(b). Accordingly, the Bankruptcy Court correctly found that Minor Children's request for injunctive relief is stayed pursuant to section 362(a)(1) of the Bankruptcy Code.[9]

### 2. *The pre-petition relationship test is irrelevant to the question of whether an action "could have been commenced" before the Petition Date under 11 U.S.C. § 362(a)(1).*

Minor Children invoke *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1275-77 (5th Cir. 1994) to contend that a pre-petition relationship between the debtor and claimant is required for the automatic stay to apply under section 362(a)(1) of the Bankruptcy Code.[10]  This interpretation is flawed because *Lemelle* did not address the applicability of the automatic stay.  Instead, *Lemelle* concerned the definition of "claim" as it relates to dischargeability.  *Lemelle*, 18 F.3d at 1274.  In fact, the pre-petition relationship test relied on by Minor Children is primarily used to determine whether certain claims against a reorganized company were discharged in bankruptcy.  *See generally* 8 Collier on Bankruptcy ¶ 1141.05 (16th ed. 2023); *Placid Oil Co. v. Williams (In re Placid Oil Co.)*, 463 B.R. 803, 813-14 (Bankr. N.D.

---

[9] The applicability of the automatic stay to actions seeking to enjoin tortious conduct is discussed *infra*.

[10] Specifically, Minor Children apply the "pre-petition relationship test."

Tex. 2012) (applying pre-petition relationship test to determine that plaintiffs filing asbestos claims against reorganized company had pre-petition relationship with defendant warranting discharge); *Christian v. Pac. W. Bank*, 581 B.R. 797, 806 n.9 (E.D. Tex. 2017) ("…the [Fifth Circuit has] stated that the pre-petition relationship test applies when determining whether a claim asserted against the debtor was discharged. This suggests that the Fifth Circuit envisioned the pre-petition relationship test to apply in all scenarios where a claim is asserted against a debtor *and* the issue is whether such claim was discharged."). This case does not concern whether Minor Children's claims against the Archdiocese were discharged in bankruptcy. Rather, the relevant inquiry here is whether the State Court Action could have been commenced before the Petition Date. As a result, the pre-petition relationship test is immaterial to this Appeal.

It is well-established that "except as provided in section 362(b), the stay prohibits proceedings on both dischargeable and nondischargeable debt." 3 Collier on Bankruptcy ¶ 362.03[3] (16th ed. 2023); *Andrews Univ. v. Merchant* (*In re Merchant*), 958 F.2d 738 (6th Cir. 1992) (stay applied to collection of nondischargeable student loan); *In re Hernandez*, No. 04-40178, 2005 Bankr. LEXIS 789, at *8 (Bankr. S.D. Tex. Apr. 27, 2005) ("As *Merchant* points out, § 362 does not simply exclude all non-dischargeable debts."). For example, certain tax debts are not dischargeable, but they are subject to the automatic stay. *In re*

*Hernandez*, No. 04-40178, 2005 Bankr. LEXIS 789, at *8 n.8. "If non-dischargeable debts were not stayed, then creditors with non-dischargeable debts would wreck the liquidation of assets and process of orderly payment of the estate's debts according to the statutory priorities." *Id.* at *8. Accordingly, adopting the pre-petition relationship test to determine whether a proceeding "could have been commenced" before the bankruptcy case for purposes of section 362(a) would lead to absurd and unwarranted outcomes, unduly narrowing the scope of section 362(a)(1).

**B.    The State Court Action seeks to obtain and control property of the estate and is therefore stayed pursuant to 11 U.S.C. § 362(a)(3).**

*1.    Minor Children seek to exercise meaningful control over estate property through their request for injunctive relief.*

Section 362(a)(3) of the Bankruptcy Code stays all actions, whether judicial or private, that seek to "obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). When first enacted, section 362(a)(3) only applied to acts to obtain property of the estate or property from the estate. In 1984, Congress expanded section 362(a)(3) to forbid any act to "exercise control" over the estate. *Trevino v. HSBC Mortg. Servs. (In re Trevino)*, 535 B.R. 110, 146 (Bankr. S.D. Tex. 2015). "The term control is not generally defined by the Bankruptcy Code." *Id.* Courts have recognized that "control" means "to exercise power or influence over" or "to regulate or govern." *Id.* Thus, under section 362(a)(3), control is exercised in a

35

manner that does not include possession.  *Id.*  As a result, the combination of the statute's terms "obtain possession" and "exercise control" indicate that a wide spectrum of acts are stayed."  *Wright v. Csabi (In re Wright)*, 578 B.R. 570, 587 (Bankr. S.D. Tex. 2017).

"Property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  *See* 11 U.S.C. § 541(a).  The prohibition in section 362(a)(3) against acts to "obtain possession of" or "exercise control over" property of the estate applies both to tangible and intangible property. *See West v. Hsu (In re Advanced Modular Power Sys., Inc.)*, 413 B.R. 643, 670 (Bankr. S.D. Tex. 2009) (determining that intangible assets associated with operation of debtor's business are included in property of estate); *see also* 3 Collier on Bankruptcy ¶ 362.03[5] (16th ed. 2022).

Incredibly, Minor Children assert that a suit seeking injunctive relief cannot "exercise control" over any property of the estate for purposes of section 362(a)(3). ROA.378.  Again, Minor Children are wrong.  A lawsuit "unquestionably" seeks to "exercise control" over estate property when it seeks to enjoin the debtor from certain uses of its property.  *Newberry v. City of San Bernardino (In re City of San Bernardino)*, 558 B.R. 321, 329 (C.D. Cal. 2016) ("The Court concludes that Newberry's requested injunction still falls under § 362(a)(3)."); *In re Cinematronics, Inc.*, 111 B.R. 892 (Bankr. S.D. Cal. 1990) (holding defendants obtaining state court

injunction and temporary restraining order against debtor violated the automatic stay because defendants were aware of the debtor's still pending Chapter 11 proceeding).

Here, it is undisputed that the Archdiocese's long-standing admissions policies and applications are estate property. *See* 11 U.S.C. § 541(a). Through their request for injunctive relief, Minor Children are seeking to alter and modify the Archdiocese's admissions policies and applications, which, in turn, will force the Archdiocese to expend estate funds that it may not otherwise have spent. *See In re City of San Bernardino*, 558 B.R. at 329 (reasoning that granting injunctive relief that would instruct employees paid by the city to follow certain procedures for executing search warrants amounted to "effectively exercise[ing] control over [city] money" in violation of section 362(a)(3)).

Further, the State Court Action accuses the Archdiocese of engaging in systematic discrimination in the operation of its business and seeks injunctive relief requiring the Archdiocese to change its admissions applications and policies. A significant portion of the Debtor's operations involve the operation of various educational facilities. The process necessary to obtain admission to such educational resources is part and parcel of the Debtor's operation. Injunctive relief, such as that sought by Minor Children, seeks to substitute Minor Children's judgment in place of the Debtor's regarding the Debtor's own business operations without Bankruptcy Court oversight. In this regard, Minor Children are striving to exert a degree of

control over the operations of the Debtor's property, and as a consequence, their request for an injunction is subject to the automatic stay. *See In re Jefferson Cty.*, 484 B.R. 427, 447 (Bankr. N.D. Ala. 2012) ("The proposed lawsuit is nothing more than an attempt to impose the City Parties' desired operation of Cooper Green in lieu of that chosen by the County."). "Because the manner in which a chapter 11 debtor conducts its business is at the very heart of the reorganization process, the bankruptcy court's core jurisdiction to oversee 'administration of the estate' and the chapter 11 itself is clearly implicated." *Denton County Elec. Coop. v Eldorado Ranch, Ltd (In re Denton County Elec. Coop.)*, No. 02-40665, Adv. No. 02-4135, 2003 Bankr. LEXIS 302, *11 (Bankr. N.D. Tex. Feb. 13, 2003) (citing 28 U.S.C. § 157(b)(2)(A)). The State Court Action's impact on the Archdiocese's operations firmly places it within the ambit of activities subject to the automatic stay under section 362(a)(3) of the Bankruptcy Code.

### 2. *Minor Children conceded that no tortious or wrongful conduct is ongoing.*

Minor Children maintain that section 362(a)(3)'s stay is inapplicable to the State Court Action because the State Court Action seeks to prohibit tortious uses of estate property. The record, however, shows that there is no wrongful conduct ongoing or impending in connection with the Archdiocese's admissions questions. In fact, Minor Children conceded that the Archdiocese removed the allegedly discriminatory questions from all admissions applications. ROA.1303. ("…while

schools are no longer asking discriminatory questions in their paper applications…"); *see also* ROA.566. ("The Archdiocese has now confirmed that it has removed the allegedly discriminatory questions from the admissions applications of the schools it directly controls, and that is has recommended that the Parish Schools do the same.").

Any representation by Minor Children to the contrary is false. Before the continued hearing on the Lift Stay Motion, the Bankruptcy Court instructed the parties to meet and confer regarding the status and content of the admissions applications that Minor Children sought to enjoin. ROA.894. As instructed, the parties conferred and reached a resolution of the Lift Stay Motion. Specifically, the Archdiocese withdrew the allegedly discriminatory admissions questions identified by Minor Children from each admissions application,[11] and, in turn, Minor Children filed the Status Report, representing that they were no longer seeking a preliminary injunction. ROA.566-70.

Indeed, during the continued hearing on the Lift Stay Motion, the Bankruptcy Court even noted that the record confirmed a consensus had been reached:

> But in analyzing the <u>Curtis</u> and the <u>Sonnax</u> factors, the, the question was whether or not we were going to modify the stay in some way to allow [Minor Children] to seek that preliminary injunction because that's what I understood

---

[11] The Archdiocese denies the allegations in the State Court Petition and maintains that it does not, and has never, systematically discriminated against children with disabilities through its admissions questions.

> him, that was his most pressing matter because I know those applications are going out or have gone out. It sounds like the parties have reached a consensus.
>
> So the Court – the resolution to the motion at No. 1779 is it's denied without prejudice. Mr. Edmuds is free at some point, if he chooses, to reurge the motion. But as of today, sitting here today, the, the stay absolutely does apply and we're not going to terminate it, okay?

ROA.577:1-13. Fully aware the Lift Stay Motion was settled, counsel for Minor Children did not appear at the continued hearing and even questioned whether the hearing needed to occur in light of the Status Report.[12] ROA.576:11-14. (...the Court did receive some e-mail traffic from the parties. And so I, you know, there was a question about whether this hearing should take place."). Considering Minor Children's actions and concessions, Minor Children cannot genuinely argue that tortious conduct is taking place without contradicting their prior statements that the allegedly discriminatory questions were removed.

To show some semblance of ongoing harm, Minor Children will claim that the Archdiocese is asking discriminatory questions *orally* in student interviews, phone calls, or other meetings.[13] But neither the Bankruptcy Court nor the District Court addressed these alleged oral questions in connection with the Lift Stay Motion

---

[12] Prior to the continued hearing on the Lift Stay Motion, counsel for Minor Children contacted the Court and inquired as to the necessity of the hearing.

[13] The Third Amended Petition, filed *after* this Appeal, alleges that "Catholic schools also routinely ask the same types of questions orally, during student interviews or phone calls."

because Minor Children did not present this issue to either Court. Therefore, any argument pertaining to oral questions is waived and cannot be raised for the first time in this Appeal. *See Webster v. Kijakazi*, 19 F.4th 715, 720 (5th Cir. 2021).

### 3. Minor Children's pursuit of costs and attorney's fees represents an attempt to exercise control over and obtain possession of property belonging to the estate.

Minor Children seek to obtain property of the estate through their request for costs and attorney's fees. A request for attorney's fees and costs constitutes an act to collect and/or recover money from the estate in violation of section 362(a)(3) of the Bankruptcy Code. *See In re City of San Bernardino*, 558 B.R. at 331 ("An action that seeks to recover attorneys' fees from the debtor is unquestionably one that attempts to obtain possession of the property of the debtor, and is thus subject to stay under § 362(a)(3)").[14]

The *San Bernardino* court's reasoning applies here. The automatic stay "protects the debtor's assets and provides temporary relief from creditors, and also protects creditors by 'furthering equity of distribution among the creditors by forestalling a race to the courthouse.'" *Liljeberg Enters. Int'l, LLC v. Vista Hosp.*

---

[14] *See also In re City of Stockton, Cal.*, 499 B.R. 802, 807 (Bankr. E.D. Cal. 2013) ("[A] monetary award in the form of fees, costs, or otherwise leaves a potential for offending § 362(a)(3)...."); *Beauchamp-Velazquez v. Dep't of Educ. of P.R.*, No. 3:17-01419, 2017 U.S. Dist. LEXIS 109714 (D.P.R. July 13, 2017) (holding an application for attorneys' fees and costs is stayed pursuant to § 362(a)(3)).

*of Baton Rouge, Inc.*, No. 04-2780, 2004 U.S. Dist. LEXIS 23955, at *6 (E.D. La. Nov. 24, 2004). Minor Children's request for attorney's fees in the State Court Action could result in the imposition of a large and potentially burdensome post-petition, but pre-confirmation, debt against the Archdiocese. This could significantly impact the Archdiocese's assets and the equitable distribution of those assets among creditors. In essence, the Archdiocese's ongoing reorganization endeavors, spanning over three years, could be upset by Minor Children's request for attorney's fees. This is exactly what the *San Bernardino* court sought to prevent. *In re City of San Bernardino*, 558 B.R. at 332 (holding a lawsuit in another forum seeking damages and attorneys' fees could interfere with the city's reorganization efforts). Moreover, as recognized in *San Bernardino*, any allegation that the attorney's fees are an "administrative expense" has nothing to do with whether the automatic stay applies to the State Court Action.[15] *Id.* Therefore, 11 U.S.C. § 362(a)(3) applies to automatically stay the State Court Action.

## V. The Bankruptcy Court Did Not Abuse Its Discretion in Holding that Cause Does Not Exists Under 11 U.S.C. § 362(d)(1) to Modify the Automatic Stay.

Under section 362(d)(1) of the Bankruptcy Code, relief from this automatic

---

[15] Even if relevant, payment of administrative expenses is given priority over almost all other claims against the estate. 11 U.S.C. § 507(a)(2). Thus, a request for attorney's fees that is expected to result in an administrative expense ultimately seeks to obtain possession of estate property over other unsecured creditors.

stay may be granted "for cause." 11 U.S.C. § 362(d)(1). The need to demonstrate "cause" is particularly important where the moving party is an unsecured creditor. *In re Eagle Enters., Inc.*, 265 B.R. 671, 680 (E.D. Pa. 2001) ("Unsecured creditors are entitled to relief from an automatic stay only in extraordinary circumstances"); *In re Stranahan Gear Co.*, 67 B.R. 834, 838 (Bankr. E.D. Pa. 1986) ("Several factors militate strongly against the allowance of any relief in this case—or in any but the most extraordinary set of circumstances—where the moving party is an unsecured creditor."); *In re Residential Capital, LLC*, 501 B.R. 624, 643 (Bankr. S.D.N.Y. 2013) ("If the movant is an unsecured creditor, the policies of the automatic stay weigh against granting the relief requested.").

It was within the sound discretion of the Bankruptcy Court to deny relief from the automatic stay. *Whose Dog R U Prods. v. Molkowitz (In re Orchid Child Prods., LLC)*, No. CC-23-1011, 2023 Bankr. LEXIS 2189, at *16 (B.A.P. 9th Cir. Sep. 7, 2023). Minor Children have not provided any argument that the Bankruptcy Court abused its discretion. As evidenced by the record, in the spirit of cooperation and in an effort to resolve any pending concerns involving the admissions questions, the Archdiocese worked with Minor Children to remove the allegedly discriminatory questions identified in the Petition. ROA.566. Minor Children later conceded that the Archdiocese is no longer asking discriminatory questions in their admissions applications and that a preliminary injunction is no longer warranted. ROA.566.

43

The Bankruptcy Court relied on these representations to conclude that "cause" does not exists to modify the automatic stay.  Now, Minor Children inexplicably take an inconsistent position with their Status Report and seek to prejudice the Archdiocese's estate and other stakeholders by forcing the Archdiocese to litigate non-urgent issues.[16]  This is a plain attempt to evade the automatic stay and gain an advantage over other creditors.

Accordingly, given the minimal impact of the stay on Minor Children, coupled with the serious risk of prejudice to the Archdiocese, its estate, and all creditors if the stay is lifted, the Bankruptcy Court did not abuse its discretion in denying the Lift Stay Motion.

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Order should be reinstated and affirmed in all respects.

---

[16] Considering the Bankruptcy Court relied on the Status Report and Minor Children's contentions, the doctrine of judicial estoppel should prevent Minor Children from asserting an inconsistent position with the Status Report.

44

Respectfully submitted,

*/s/ Laura F. Ashley*

Laura F. Ashley (#32820)
Mark A. Mintz (#31878)
Caroline V. McCaffrey (#39276)
JONES WALKER LLP
201 St. Charles Avenue, Suite 5100
New Orleans, LA 70170
Telephone:  504-582-8118
Facsimile:   504-589-8118
Email:  lashley@joneswalker.com
        mmintz@joneswalker.com
        cmccaffrey@joneswalker.com

**Counsel for Appellant,**
**The Roman Catholic Church**
**of the Archdiocese of New Orleans**


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing brief has been served on all counsel of record by operation of the Court's electronic filing system on October 11, 2023.

*/s/ Laura F. Ashley*

Laura F. Ashley

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 10,370 words, as determined by the word-count function of Microsoft Word 2016, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

Dated: October 11, 2023      */s/ Laura F. Ashley*
                              Laura F. Ashley

                              **Counsel for Appellant,**
                              **The Roman Catholic Church**
                              **of the Archdiocese of New Orleans**

#101720285v1